UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER MICHAUD  Individually and on behalf of all  others similarly situated,  <br>     Plaintiff,  <br>v.  <br>MONRO MUFFLER BRAKE INC.,  <br>     Defendant. | )  )  )  )  )  ) Docket No. 2:12-CV-353-NT  )  )  )  )  ) |

**ORDER DENYING REQUEST FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT**

Before the Court is the parties' joint motion for preliminary approval of a class (the "**Technician Class**") and for settlement of a group of claims at issue in this case (the "**Spiff Claims**") (ECF No. 59). On September 16, 2013, the Court held a telephonic conference of counsel regarding this motion. The Spiff Claims involve alleged underpayment of overtime to individuals employed at Monro since October 9, 2009. The alleged underpayment arose out of Monro's failure to include in its calculations for the rate of overtime pay amounts that Monro had paid to its employees for tire installation and alignments, called "spiffs." The claims are made under the federal Fair Labor Standards Act and under the state laws of the jurisdictions in which the Technician Class plaintiffs worked. The settlement proposed to extinguish claims under both federal and state law, but the operative complaint at the time the parties moved for settlement did not assert claims under the state laws at issue.

For this reason, following this conference, the Court issued a report and order (ECF No. 61) that required the Plaintiffs to add class representatives for each state encompassed by the proposed settlement and to amend their complaint to state claims under the various state laws involved in the settlement. A Third Amended Complaint was filed by the parties on September 27, 2013 (ECF No. 67). Although the parties propose to settle Spiff Claims for employees in Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont, the parties have not added claims under Rhode Island law. For this reason, the Court cannot accept the settlement currently proposed. It may be revised to either exclude Rhode Island plaintiffs altogether, or to simply exclude the extinguishment of state law claims for this class of technicians. As part of any revision, the parties should also request approval of the four sub-classes now named in the Third Amended Complaint.

The parties also represented that under the proposed settlement "[e]very class member is getting more than their actual damages . . . ." Mot. for Prelim. Approval of Settlement Agreement 11 (ECF No. 59). At the conference, the Court stated that it wished to see the spreadsheet showing how the awards to each plaintiff were calculated. At issue was the Court's desire to verify that members of the plaintiff class were indeed receiving more than their actual damages, and to ascertain how much more than their actual damages they would be receiving. *See* Fed. R. Civ. P. 23(e)(2) (requiring a court reviewing a proposed class action settlement to ascertain whether it is "fair, reasonable, and adequate" prior to

approval). The spreadsheet attached by the parties (ECF No. 64-1) does not allow the Court to satisfy this inquiry.

For the foregoing reasons, the parties' joint motion for class certification and preliminary approval of settlement is DENIED without prejudice to the filing of a revised motion.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 9th day of October, 2013.