# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER MICHAUD, <br> ANDREW LASICK, <br> TONY CASANOVA, and <br> FREDERICK SCHNACKENBERG III, <br> individually and on behalf of all others <br> similarly situated, <br> <br> Plaintiffs, <br> <br> v. <br> <br> MONRO MUFFLER BRAKE, INC., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 2:12-cv-353-NT <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON MOTION TO APPEAR BY TELEPHONE

A final fairness hearing in this case is scheduled for 1:00 PM on May 14, 2015 at 156 Federal Street, Portland, Maine, Courtroom No. 1. The parties have filed a joint request to appear at the hearing by telephone. May 7, 2015 Letter from Todd R. Shinaman (ECF No. 88). As described below, this request is **GRANTED IN PART**.

As required by local rule, all visiting attorneys in this case have associated themselves with "a member of the bar of this Court." *See* Local Rule 83.1(c)(1). If the out-of-state attorneys choose not to travel to Maine for the fairness hearing, they may call in by telephone to listen to the proceedings, but may not themselves participate. In their place, local counsel will be required to appear in person at the hearing and answer questions.

As counsel is aware, Federal Rule of Civil Procedure 23(e)(2) requires that where a proposed settlement "would bind class members, the court may approve it

only after a hearing and on finding that it is fair, reasonable, and adequate." To fulfill this obligation, I will ask counsel at the hearing to provide information regarding each of the *Scovil* factors. *See Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-cv-515-DBH, 2014 WL 1057079, at *2 (D. Me. Mar. 14, 2014). To facilitate preparation, I preview some of my thoughts and questions below:[1]

**Comparison of the Proposed Settlement with the Likely Result of Litigation:**

- If the Plaintiffs were to prevail at trial, what is the best possible monetary outcome for each subclass and collective?[2]

- In each side's view, what is the likelihood of that "best case scenario" for each subclass? Why?[3]

**Stage of the Litigation and the Amount of Discovery Completed:**

- Is there any significant pre-trial work not reflected on the docket that the parties wish to describe?

- What "formal" discovery took place? How many depositions did the parties take? Of whom? Did the parties serve and answer interrogatories? Requests for documents? Requests for admissions?

- What "informal" discovery took place?

**Reaction of the Class to the Settlement:**

---

[1] My questions are guided by post-fairness hearing orders in other cases, including: *Scovil v. FedEx Ground Packaging Sys., Inc.*, No. 1:10-cv-515-DBH, 2014 WL 1057079 (D. Me. Mar. 14, 2014); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, MDL No. 1532, 2011 WL 1398485 (D. Me. Apr. 13, 2011); *Nilsen v. York Cnty.*, 382 F.Supp.2d 206 (D. Me. 2005); and *Sylvester v. CIGNA Corp.*, 369 F.Supp.2d 34 (D. Me. 2005).

[2] Counsel should be prepared to answer this question for the Maine Spiff Class, Massachusetts Spiff Class, New Hampshire Spiff Class, Vermont Spiff Class, FLSA Spiff Collective, Maine ASM Class, and FLSA ASM Collective.

[3] I expect that counsels' response to this question will include whether liquidated (or treble) damages are mandatory or discretionary under the relevant state and federal wage and hour laws and an evaluation of the strength of any "good faith" defense available to employers.

- How many Rule 23 "opt-outs" were filed in response to the notice I authorized in my March 17, 2015 Order? (ECF No. 85). How many additional FLSA "opt-ins" were filed?

- How do these opt-in and opt-out numbers compare to the potential size of each class/collective as a whole? In other words, what percentage of each Rule 23 subclass has opted out? What percentage of each FLSA collective has opted-in (including all FLSA opt-ins, not just additional opt-ins following my March 17, 2015 Order)?

**Conduct of Negotiations:**

- Describe the negotiations that led to the proposed settlement in this matter. How many times did counsel meet in person? For about how long each time? Who participated in these discussions? What information did the parties share to aid in settlement talks?

- Were there any side agreements made in connection with the proposed settlement? *See* Fed. R. Civ. P. 23(e)(3) ("The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.").

**Prospects of the Case, Including Risk, Complexity, Expense and Duration:**

- In counsels' view, how long would a trial on the merits take in this case?

- Approximately what expenses would each side have to bear to try this case?

- What challenges, uncertainties, and complexities would the Plaintiffs face at trial? For example, are there statute of limitations issues that might bar some employees' claims? Might Plaintiffs face difficulty establishing damage amounts with certainty?

- What challenges, uncertainties, and complexities would the Defendant face at trial? For example, how strong is Monro Muffler's "good faith" defense under 29 U.S.C. § 260?

In addition to Rule 23 requirements, I must also evaluate whether the settlement of the FLSA claims constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In other words, I must ensure that the parties have not

3

negotiated around FLSA requirements by discounting clearly-owed wages. Accordingly, I will inquire into the strength of the Plaintiffs' FLSA claims in light of the Defendants' possible defenses.[4]

I leave it to counsel to decide which attorneys of record will represent the parties' interests in person at the fairness hearing. Attorneys choosing to appear by phone will be limited to a listening role.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 8th day of May, 2015.

---

[4] The factors supporting approval of a Rule 23 settlement may also support approval of a FLSA settlement. *See Scovil*, 2014 WL 1057079, at *8.

4